# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>NYLES EARLMONDO JOHNSON,<br><br>Defendant. | No. CR 06-4031-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE UNDER RULE 35** |

_____

This case is before me on defendant Nyles Earlmondo Johnson's Motion To Correct An Illegal Sentence Under Rule 35 (docket no. 75). Johnson seeks to correct what he asserts is an "illegal" sentence, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, because he contends that the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S. Ct. 2577 (2010), redefined a "felony" for purposes of a sentencing enhancement pursuant to 21 U.S.C. § 851 in such a way that he is factually and legally innocent of the conduct on which such an enhancement was imposed in his case. He contends that Rule 35, rather than 28 U.S.C. § 2255, is the appropriate remedy to be used for such an "illegal" sentence.

As the Eighth Circuit Court of Appeals recently explained,

> Prior to enactment of the Sentencing Reform Act of 1984, Fed.R.Crim.P. 35(a) provided, "The court may correct an illegal sentence at any time…." In the Reform Act, which established the Sentencing Guidelines, Congress took the unusual step of rewriting this rule of criminal procedure to eliminate Rule 35(a). Pub. L. No. 98–473, § 215(b), 98 Stat. 2015–16 (1984). This evidences an intent that

> applications of guidelines provisions not be subject to collateral attack beyond the boundaries of what Supreme Court decisions had confirmed were cognizable § 2255 claims—errors that are jurisdictional, constitutional, or result in a complete miscarriage of justice. *See Scott v. United States*, 997 F.2d 340, 340–41 (7th Cir.1993).

*Sun Bear v. United States*, 644 F.3d 700, 705 n.9 (8th Cir. 2011). Thus, Rule 35, on which Johnson relies, does not now, did not at the time of his sentencing in 2007, and has not since 1984 afforded a remedy for an "illegal" sentence. I take no position on whether Johnson now has available any remedy for the alleged "illegality" of his sentence.[1]

THEREFORE, because Rule 35 does not provide for the relief that Johnson seeks, his Motion To Correct An Illegal Sentence Under Rule 35 (docket no. 75) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 26th day of June, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

[1] I do point out, however, that Johnson was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement under which the prosecution agreed to *withdraw* the § 851 notice of sentencing enhancement in return for Johnson's agreement to a sentence to 200 months of imprisonment. *See, e.g.,* Presentence Investigation Report (docket no. 53), ¶ 4; Order Accepting Terms Of Defendant's Plea Agreement (docket no. 48). Thus, there does not appear to be any factual basis for Johnson's contention that his sentence was "illegal" based on improper application of a § 851 enhancement.